**In the Matter of ANONYMOUS, Respondent.**

No. 64S00–0308–DI–359.

Supreme Court of Indiana.

Dec. 23, 2004.

### Disciplinary Action

PER CURIAM.

In this attorney discipline case, the Disciplinary Commission has charged the respondent lawyer with communicating about the subject of a representation with a party the lawyer knew was represented by another lawyer and thereby using a method of obtaining evidence that violated the legal rights of the party. We agree that the respondent committed these violations and we write today to detail the basis of our conclusion.

This case comes before us upon the Commission and respondent attorney's *Statement of Circumstances and Conditional Agreement for Discipline,* submitted to us for final approval pursuant to Ind.Admission and Discipline Rule 23(11)(c). The parties agree that the respondent engaged in misconduct and that a private reprimand is an appropriate sanction for the misconduct.

An owner of a business and one of his employees were charged with multiple charges of conspiracy to defraud the United States, food stamp trafficking, and filing false income tax returns. The respondent and his co-counsel represented the employer, and separate counsel represented the employee. The respondent and his co-counsel determined that it would be in the best interests of their client to have his trial severed from that of the employee. The respondent concluded that, in order to obtain severance, he would have to show that the employee would waive his Fifth Amendment rights against self incrimination and would testify on behalf of, and favorably for, the client. In order to show this, the respondent concluded he needed a signed affidavit from the employee stating that he would follow this course of action.

On June 1, 2000, the respondent spoke with the employee's counsel about severing their clients' trials. Between August 7, 2000 and August 22, 2000, the respondent and employee's counsel spoke several times about the severance issue. Employee's counsel gave the respondent no indication whether she was in favor of or opposed to the severance. On August 9, 2000, respondent's co-counsel faxed to employee's counsel a copy of a form of the affidavit they wanted the employee to sign regarding the severance issue. Employee's counsel again gave no indication about whether she would recommend that the employee sign it.

On August 24, 2000, the respondent met with his client at the client's store where the employee worked. The respondent brought with him the client's file, which included the proposed affidavit that had been faxed to the employee's counsel. The employee was working that day. The respondent was aware that the employee worked many long hours at the store, but he was not specifically aware that the employee would be at the store that day. The client's home was attached to the store. After the client took the respondent to the client's home, the respondent

took out a copy of the proposed affidavit that had been faxed to employee's counsel, handed it to his client, and explained that he and his co-counsel were trying to sever the client's trial from the employee's. He further explained that the proposed affidavit had been faxed to employee's counsel in order to sever the trials, but that employee's counsel had not given the respondent any indication whether the employee would to sign it. The client then returned to the store to see if the employee would sign the affidavit. About ten minutes later, the client returned to his house with the employee who had the affidavit in his hand. The employee attempted to speak with the respondent about it, but the respondent told him that he would not speak with him without the employee's counsel present. The employee and the client then talked, and the employee signed the affidavit. The employee never talked to his counsel about the affidavit. The respondent did not specifically know that the employee had not discussed the affidavit with his counsel, but he also had no reason to believe that the two had discussed it.

All pretrial motions in the client's case were due the same day the employee signed the affidavit. After the employee signed the affidavit, the respondent left his client's house and drove immediately to the federal courthouse. While en route, the respondent attempted to telephone employee's counsel, but was unable to speak to her directly. He left a voice mail message requesting that she contact him as soon as possible. Without hearing back from employee's counsel, the respondent filed the affidavit. The next day, still having heard nothing from employee's counsel, the respondent filed the motion to sever his client's trial from the employee's. He still did not know if employee's counsel intended for the employee to sign the affidavit.

On September 7, 2000, employee's counsel filed a motion to strike the affidavit and to prohibit its use. In that motion, employee's counsel relayed that she had not spoken with the employee about whether he should sign the affidavit. On September 13, 2000, employee's counsel informed the court that the employee would not be testifying as the affidavit claimed he would. The respondent then immediately withdrew the motion to sever.

The Commission charged that the respondent's actions violated Ind.Professional Conduct Rule 4.2 and 4.4. Rule 4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Rule 4.4. provides:

> In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

■ In agreeing that the respondent violated these rules, the parties state that even though the respondent had no direct communication with the employee, he was aware that his client was going to speak directly to the employee about signing a document that potentially affected the employee's legal rights and interests. They note that the employee signed the affidavit in the respondent's presence at a time when the respondent had not received permission from employee's counsel to deal directly with the employee and had no reason to believe that the employee had been counseled by his attorney about the implications of signing the document. Accordingly, the Commission and the respon-

dent stipulate that even though his client may not have been acting as the respondent's agent in obtaining the signature on the affidavit, the respondent *ratified* his client's direct contact with the employee by failing to take steps to intervene when the client presented the affidavit for signature, by failing to take steps to contact employee's counsel while he was waiting for him to sign the affidavit, by thereafter taking control of the affidavit once it was signed, and by filing the document with the federal court. The parties agree that respondent attempted to take procedural advantage of the signed document before abandoning that attempt when employee's counsel objected to its use.

■ If an attorney simply received the affidavit obtained by a client without suggesting, directly or indirectly, any contact between the two, no violation would have occurred. "Ratification" means the confirmation of a previous act done either by the party himself or by another. Black's Law Dictionary 1135 (5th Ed.1979). Although ratification of a client's independently initiated communication is not sufficient to constitute a violation, we believe the respondent's active participation in the events leading to the employee signing the affidavit amounts to more than mere ratification of his client's actions. Instead, the events of August 24 reflect the respondent's instigation of a series of contacts calculated to obtain the employee's signature on the affidavit despite the respondent's unsuccessful attempts to obtain the employee's signature through opposing counsel. The respondent visited his client's store, a place where he knew the employee worked, bringing with him the

unsigned affidavit. He presented the affidavit to his client and explained that counsel had given no indication whether or not the employee would sign it. He made no effort to dissuade his client from speaking directly with the employee about signing the affidavit.[1] Although the respondent minutes later directly told the employee that he could not speak to him about the case without counsel present, the respondent did not intervene or attempt to contact counsel when the employee signed the document in his presence after again discussing the matter with the client. Under these facts, we find that the respondent violated Prof.Cond.R. 4.2.

We also conclude that the respondent, by attempting to take procedural advantage of the signed affidavit under these circumstances, used methods to obtain evidence that violated the employee's legal rights in violation of Prof.Cond.R. 4.4.

■ The respondent and the Commission agree that the respondent should be privately reprimanded for his misconduct. Ordinarily, we would require a more stringent sanction for misconduct such as this, where an attorney uses improper means to secure or attempt to secure an advantage during litigation. However, we are influenced here by significant factors in mitigation, most notably the fact that, once the respondent learned of counsel's objection to the affidavit, the respondent promptly withdrew it and the motion to sever. Other mitigating factors include the respondent's cooperation with the Commission, that fact that his actions were not motivated by his own personal gain (but rather his effort zealously to represent his client), and the fact that the respondent has no

---

1. The comment to Prof.Cond.R. 4.2 provides, *inter alia*, that "parties to a matter may communicate directly with each other ..." However, that statement is not intended to insulate from scrutiny situations where a party communicates with another at the insistence of or in the presence of the party's counsel and while the adverse party's counsel is absent and unaware of the contact.

prior history of disciplinary action. In light of these mitigating factors and the agreed resolution, we conclude that a private reprimand is not inappropriate in this case.